IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jessie L. McRae, | ) | Case No.: 4:25-cv-07861-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Myrtle Beach Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 14), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report is about the Magistrate Judge's initial review of pro se Plaintiff Jessie L. McRae's ("Plaintiff") complaint.[1] (DE 1.)

## A.   Background

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding *pro se* sued the Myrtle Beach Police Department ("Defendant"), alleging he was arrested for trespassing, but he was later charged with possession of marijuana. (DE 1.)

By Order dated July 29, 2025, the Court directed Plaintiff to complete, sign, and return a standard complaint form, pay the filing fee or file a motion to proceed *in forma pauperis*, and to provide service documents for the Defendant. (DE 8.) Plaintiff was warned that the failure to provide the necessary information within a specific time period may subject his case to dismissal. (*Id.*) On August 22, 2025, the July 29 order was returned to the Court as undeliverable with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward, Released." (DE 11.) Plaintiff has not kept the Court apprised of his address, and as a result, neither the court nor the Defendant has any means of contacting him concerning his case.

**B.     Report and Recommendation**

On September 2, 2025, the Magistrate Judge issued a Report and Recommendation (DE 14) recommending that the action be dismissed without prejudice for failure to prosecute. Plaintiff filed no objections.

**C.     Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**D.     Conclusion**

The Court has reviewed the Report and Recommendation and finds no clear error. Accordingly, the Court adopts the Report and Recommendation (DE 14).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed without prejudice in accordance with Fed. R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 2, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.